From: The District Court of the Sixteenth Judicial District. County of Custer.

STATE OF MONTANA, Plaintiff, vs. JERRY W. BOONE, Defendant.

NO. 2209

## DECISION

The application of the above-named defendant for a review of the sentence of 5 years for uttering and delivering fraudulent check, with provision that 39 days jail imprisonment is not to affect parole eligibility, imposed on May 5th, 1969, was fully heard and after a careful consideration of the entire matter it is decided that:

(1) The sentence be and remain as originally imposed, except that it is specifically directed that defendant's 39 days imprisonment in the county jail prior to confinement in the State Prison shall be credited to defendant as though already served in the State Prison at the time of reception and shall be so used in computing the date when defendant may be considered for parole eligibility.

Respecting the specific direction concerning defendant's 39 days jail imprisonment, it is our opinion that the law permits no other method of treating the same. Section 95-2315, R.C.M. 1947; State v. Zachmeier, 153 Mont. 64, 453 P.2d 783, 26 St. Rep. 210.

Contention is made that the sentence is longer than average. Assuming it is, that does not of itself indicate the sentence is excessive. "Average" denotes an arithmetical mean arrived from unequal figures. Reduction of sentences to "average" would reduce the "average" finally resulting in either no sentence at all, or, if the shorter sentences were corrspondingly increased, to one fixed sentence for all. Either of these results would be contrary to the present belief that a sentence should be fitted so far as it is possible to do so to the particular individual. Accepting this belief, the sentencing problem does not yield to the use of averages, dealing as it does with widely differing human beings and their widely varying actions. Presuming as we do that the sentencing judge was correct in his assessment of the situation, we are unable to say that the imposed sentence, aside from the specific direction concerning defendant's 39 days jail imprisonment, was not proper, reasonable, and sufficiently lenient, the individual, the crime, the sentencing goals kept in mind, particularly when it is considered that the statute provides for a fine of $5,000 as well as imprisonment, and the defendant has a record of 4 prior felony convictions which could have been used to materially increase his sentence.

We thank John L. Hilts, Esq., of the Montana Defender Project for his assistance to the defendant and this court.

DATED this 25th day of July, 1969.

SENTENCE REVIEW DIVISION

Philip C. Duncan, chairman; Paul G. Hatfield, Jack D. Shanstrom, member.